UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHUHAI KELITONG ELECTRONIC CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>HUI-LING LEE, an individual, RESPONSIBLE INDUSTRIAL CO., LTD., dba "KITCHEN MAMA"<br><br>Defendant. | Case No. 1:25-cv-06218<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGMENT**

COME NOW, Plaintiffs ZHUHAI KELITONG ELECTRONIC CO., LTD. ("Plaintiffs"), by and through their counsel, seeking declaratory judgment against Defendants HUI-LING LEE ("Lee"), RESPONSIBLE INDUSTRIAL CO., LTD., dba "KITCHEN MAMA ("Defendants"), and allege based on information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for Declaratory Judgment for non-infringement and invalidity arising under the patent laws of the United States and for damages resulting from Federal Unfair Competition under Lanham Act Section 43(a), 15 U.S.C § 1125, common law Tortious Interference with Contractual Relations, Intentional Interference with Prospective Economic Advantage, and Unjust Enrichment. Plaintiff seeks declaratory relief, actual damages, an award of attorney's fees and costs, and any other relief that the Court deems just and proper.

2. This case arises out of Lee's allegations of patent infringement against Plaintiffs. Lee alleges infringement of U.S. Patent 8,955,227 (the "'895 patent"), attached as Exhibit 1.

3. On March 9, 2025, without first communicating with Plaintiffs, Lee made a patent

infringement claim to Amazon. The Plaintiffs Amazon Storefronts were taken down as a result of this complaint.

4. As explained in greater detail below, Plaintiffs do not and did not infringe any valid or enforceable claim of the '895 patent.

5. The Plaintiffs Amazon Stores remain closed for alleged infringement of the '895 patent.

6. Therefore, Plaintiffs request a declaratory judgment that Plaintiffs' products do not and did not infringe the '895 patent because they do not and did not meet each and every limitation of any asserted claim. Additionally, Plaintiffs request that a declaratory judgment be issued finding that the '895 patent is invalid and unenforceable for violating 35 U.S.C. §§ 102 and 103 and due to Information Disclosure Statement violations and inequitable conduct by Lee at the time that the '895 patent was issued.

## THE PARTIES

7. Plaintiff is a Chinese Corporation organized and existing under the laws of China. Plaintiffs manufacture and sell various household products, including can openers, and offer these products to customers on the open market through their storefronts on Amazon.

8. On information and belief, Defendant Lee is an individual residing in China.

9. On information and belief, Lee owns and operates Responsible Industrial Co., Ltd., located in No. 87-1, Jialao East Road Caotun Township Nantou County 54255, Taiwan.

10. On information and belief, Kitchen Mama is the brand name for Responsible Industrial Co., Ltd.

## JURISDICTION AND VENUE

11. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, the patent laws of the United States 35 U.S.C. §§ 1–390, and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331, 1338(a), and 2201(a).

13. 35 U.S.C. § 293 vests jurisdiction over non-U.S. patentees in the Eastern District of Virginia.

## FACTUAL BACKGROUND

*PATENT-IN-SUIT*

14. The '895 patent, entitled "Can Opener," states on its face that it was issued on February 17, 2015, and expires no later than June 22, 2033. A copy of the '895 patent as filed by Lee is attached as Exhibit 1.

15. The '895 patent recites six claims, of which the initial claim is an independent claim, and the remaining five claims are dependent claims.

*PLAINTIFFS AND THEIR CAN OPENER (the "ACCUSED PRODUCT")*

16. Plaintiff is the owner of three storefronts on Amazon. The storefront names, brand names, seller identification numbers, links, and ASINs are set out in the table below.

| |
|---|
| 1. store name：DongShuLi<br>2. brand name：Syaws<br>3. Seller ID：AZP3XK3ZM8WBM<br>https://www.amazon.com/sp?ie=UTF8&seller=AZP3XK3ZM8WBM<br>4. ASINs：B0DWXKR9H8<br>5. Product Link：https://www.amazon.com/dp/B0DWXKR9H8<br>6. Removal Date: February 20, 2025. |
| 1. store name：DERNOR-US<br>2. brand name：DERNORUS<br>3. Seller ID：A2SZSW0348UJQK<br>https://www.amazon.com/sp?ie=UTF8&seller=A2SZSW0348UJQK<br>4. ASINs：B0DX1MF2Z1<br>5. Product Link：https://www.amazon.com/dp/B0DX1MF2Z1<br>6. Removal Date: February 20, 2025. |
| 1. store name：CIRCLE JOY HK<br>2. brand name：CIRCLE JOY<br>3. Seller ID：AZ7II35WTDBR1<br>https://www.amazon.com/sp?ie=UTF8&seller=AZ7II35WTDBR1<br>4. ASINs：B0DQQCGFDL<br>5. Product Link：https://www.amazon.com/dp/B0DQQCGFDL<br>6. Removal Date: February 20, 2025. |

17. The above-referenced storefronts were closed by Amazon after a complaint by Lee for alleged infringement of the '895 patent. These closures were involuntarily and done without the consent of Plaintiffs. On February 20, 2025, Amazon issued a "Takedown Notice," informing Plaintiffs that their stores were delisted due to "Kitchen Mama's" infringement complaint. Ex. 2. There is no assignment of record transferring the '895 patent to Kitchen Mama. On information and belief, Lee is operating a rival store under the Kitchen Mama tradename. Plaintiffs thus filed a lawsuit against Lee to seek damages for wrongful infringement claims.

18. Plaintiffs employed the professional assistance of an expert to perform an infringement comparison between their product and Lee's product. This report found multiple issues with the subject patent. The report was released by the expert on March 21, 2025.

19. Since the unauthorized removal of the ASINs set out above, Plaintiffs has lost a total of $5277.00 in sales revenue, including a lost total of 2 months of consumer reviews to add to its over 60 consumer reviews. Plaintiff now faces the imminent destruction of $6600 worth of unsold inventory without judicial intervention.

20. The calculable and uncalculatable detriments caused by Defendant's illegal takedown of the ASINs using the '895 Patent has caused irreparable damage to Plaintiffs' brand. Barring a judgment in its favor, Plaintiffs will be forced to go out of business and suffer losses due to the destruction of its non-infringing property caused by the misuse of an invalid U.S. Patent.

### COUNT I

*(DECLARATORY JUDGMENT OF NONINFRINGEMENT)*

21. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

22. Plaintiffs do not and did not directly or indirectly infringe any claim of the '895 patent.

The expert examiner, in his comparison of claim 1 of the subject patent, found no infringement. Thus, failing on the assertion of infringement on this initial claim, the allegedly infringing product of Plaintiff does not infringe on the subject patent.

23. Plaintiffs do not and did not directly or indirectly infringe any claim of the '895 patent. The expert examiner, in his comparison of claim 1 of the subject patent, found no infringement. Thus, failing on the assertion of infringement on this initial claim, the allegedly infringing product of Plaintiff does not infringe on the subject patent.

24. The expert examiner, in the line-by-line comparison of claim 1 of the subject patent and in comparison with the allegedly infringing product, found distinct, technical differences between these products. These differences relate to the essential internals of the products. They are each set out in detail in the paragraphs below.

25. Claim 1 of the '895 patent includes a description of a first driven gear rotatably mounted in the housing and meshing with the driving gear. In the accused infringing product, the driving gear does not engage with the first driven gear. From the product image, it can be seen that the area corresponding to the installation position of the first driven gear in the patent is an empty space.

26. Claim 1 of the '895 patent includes a description of a second driven gear rotatably mounted in the housing. In the accused infringing product, there is no second driven gear. From the product image, it can be seen that the area corresponding to the installation position of the second driven gear in the patent is an empty space.

27. Claim 1 of the '895 patent includes a description of a torsion spring biased between the first driven gear and the second driven gear to connect the first driven gear and the second driven gear. In the accused infringing product, there is no first driven gear and no second driven gear. Consequently, it is impossible for there to be a torsion spring set between them.

28. Claim 1 of the '895 patent includes a description of a third driven gear rotatably mounted in the housing and meshing with the second driven gear. In the accused infringing product,

there is no second driven gear, and thus it is impossible to have a third driven gear that meshes with the second driven gear.

29. Claim 1 of the '895 patent includes a description of a cam mounted on and rotated by the third driven gear and received in the aperture of the slide to move the slide relative to the cutting wheel. In the accused infringing product, the absence of a third driven gear means that there are no other structures connected to the third driven gear.

30. Claim 1 of the '895 patent includes a description wherein the second driven gear has a surface provided with an arcuate guiding slot. The accused infringing product does not have a feature corresponding to "guiding slot".

31. Claim 1 of the '895 patent includes a description wherein the first driven gear has a surface provided with a protrusion mounted in the guiding slot of the second driven gear. The accused infringing product does not have a feature corresponding to "protrusion".

32. Claim 1 of the '895 patent includes in its description that when the first driven gear is rotated by the driving gear, the protrusion of the first driven gear is movable in the guiding slot of the second driven gear to drive and rotate the second driven gear and to compress the torsion spring so that the torsion spring stores a restoring force. These technical features are not present in the infringing comparison product.

33. It is required that the alleged infringing product infringes every limitation of a claim, either literally or under the doctrine of equivalents. According to 35 U.S.C. § 271(a), a product or process infringes a patent only if it embodies all the elements of a claimed invention or its equivalent.

34. Based on the foregoing comparison and in light of the authority noted above, the infringement comparison expert noted the absence of numerous critical technical features of the allegedly infringing product when compared with the product described in the '895 patent. Specifically, the allegedly infringing product lacks a torsion spring, a cam, an arcuate guiding slot, a protrusion, a first driven gear, a second driven gear, a third driven gear and the connection and linkage

methods of these technical features. The expert thus found that, based on the full coverage principle and the differences in the products, the allegedly infringing product does not infringe the patent rights of the '895 patent.

35. Additionally, the expert found that the solutions provided by the allegedly infringing product and the product described in the '895 patent are achieved in distinct ways. In the '895 patent, the structure and connection method of the first driven gear, the second driven gear, the third driven gear, and the torsion spring are designed to regulate the position of the slider by means of linkage. In the allegedly infringing product, the position adjustment of the sliding plate is realized through the forward and reverse rotation of the motor, as well as the cooperative linkage and intermittent disengagement between the drive gear and the eccentric disk. This offered additional support that led the expert to conclude that the allegedly infringing product does not infringe on the '895 patent.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY)

36. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

37. The expert, in his comparison, identified a patent from the United Kingdom with publication number GB2453615B. The application date of this patent is June 18, 2008, and the first publication date is July 23, 2008. The GB2453615B patent has fully disclosed the technical solution of the '895 patent, and the reference numerals correspond to the same structures on the schematics of both products. Moreover, the expert noted that the '895 patent and the GB2453615B patent have the same applicant, "HUI LING LEE," the same inventor, "HUI LING LEE," and the same address, "Caotun Township, CHINESE TAIWAN." The expert found that, in the Information Disclosure Statement documents the '895 patent, Lee failed to disclose the evidence GB2453615B. Based on 37 C.F.R. § 1.56, every individual associated with the filing and prosecution of a patent application has a

duty to disclose to the USPTO all information known to be material to patentability. The failure to comply with this duty may result in the patent being declared unenforceable due to inequitable conduct.

38. Based on the foregoing, the expert believes that the '895 patent is invalid under 35 U.S.C. §§ 102 and 103. Additionally, and alternatively, the '895 patent is unenforceable due to the Information Disclosure Statement violations and inequitable conduct on behalf of Lee.

## COUNT III

### (FEDERAL FALSE DESCRIPTION LANHAM ACT SECTION 43(a), 15 U.S.C. §1125)

39. Plaintiff hereby reallleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

40. Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiff's Products offered under the Accused ASINs infringed the '895 Patent despite knowing that the '895 Patent was either non-infringed and/or invalid.

41. Amazon was actually deceived by Defendant's bad faith representations of infringement and the deception actually did influence purchasing decisions in that it caused Amazon to delist the Accused ASINs in February 2025.

42. Plaintiffs' delisted products became unavailable to purchase on Amazon which is a primary national marketplace for interstate commerce. Therefore, Defendant caused, directed, and intended that its false statement enter and go through interstate commerce to Amazon in order to harm Plaintiffs' business.

43. Defendant intended for Plaintiffs' listings to be removed to limit, or eliminate entirely, Defendant's competition on Amazon.

44. Defendants' frivolous and spurious infringement complaints against Plaintiff

demonstrate Defendant's engagement in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith representing to Amazon that Plaintiff's Products infringed the '895 Patent despite knowing that the '895 Patent is invalid and/or not infringed.

45. As a result of Defendants' bad faith representations Plaintiffs has suffered direct injury to its profits, products, sale rankings, reviews and reputation. Plaintiffs are entitled to damages in an amount to be proven at trial including reasonable attorney's fees and costs.

46. As a result of Defendant's bad faith representations, Plaintiffs face the immediate prospect of having their products permanently delisted and inventory destroyed which would result, as intended by Defendants, in direct injury to Plaintiff's profits, products, sale rankings, reviews and reputation. Plaintiffs are entitled to damages in an amount to be proven at trial including reasonable attorneys' fees and costs.

47. Plaintiffs are additionally entitled to immediate injunctive relief in order to preserve the status quo and prevent Defendants' baseless and malicious efforts to have Amazon destroy and/or further delist any of Plaintiff's Products and other ASINs for the same.

## COUNT IV
### *(COMMON LAW TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)*

48. Plaintiffs hereby reallege and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

49. Plaintiffs have a valid and existing contract with Amazon to sell its products described above listed through Amazon.com.

50. Plaintiffs are informed and believe, and on that basis alleges, that Defendants knew or should have known as an Amazon seller itself that the availability of Plaintiffs's ASIN on Amazon.com must have required Plaintiffs to have had one or more contractual relationships with Amazon.

51. Plaintiffs are informed and believes, and on that basis alleges, that Defendant knew or should have known as an Amazon seller itself that for Plaintiffs to maintain its ASINs on Amazon.com, Plaintiffs must have had contractual relationships with consumers using the Amazon.com platform.

52. Plaintiffs are informed and believes, and on that basis alleges, that Defendant intentionally interfered with Plaintiffs's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Plaintiffs to have Plaintiffs's ASINS and products associated therewith to be removed and eliminate Plaintiffs's lawful competition via Amazon.com.

53. As a result of Defendant's improper acts Plaintiffs's listings were removed from Amazon.

54. Defendant continues its efforts to harm Plaintiff through its frivolous and spurious infringement complaints against Plaintiff by claiming its Products infringed upon the claim of '895 Patent despite knowing that the '895 Patent was invalid and/or not infringed.

55. Plaintiff has suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

56. Defendant's efforts to have Plaintiff's Products delisted through improper means was and is unlawful, fraudulent and based on fraudulent activity before a Federal agency.

57. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT V
### *(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)*

58. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

59. Plaintiff's ongoing business relationship with Amazon included the selling of the

Products now delisted because of Defendant's frivolous and spurious infringement complaint; i.e., each of the Accused ASINs.

60. Plaintiff's ongoing business relationship with Amazon includes the current sale of Products which Defendant claims are infringing the non-infringed and invalid '895 Patent.

61. Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's Products.

62. Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove the Accused ASINS, thus denying the future and ongoing business relationship between Plaintiff and Amazon.

63. Defendant knew that the removal of Plaintiffs's product listings via delisting of the Accused ASINS would harm Plaintiffs's business, respectively, and would benefit Defendant due to it having less competition.

64. Defendant intended to harm Plaintiffs by fraudulently convincing Amazon to remove Plaintiffs's ASINs and the products associated therewith.

65. Defendant's use of Amazon to delist Plaintiff's Products constituted willful and fraudulent efforts to harm Plaintiff, diminish Plaintiff's Amazon sales, rankings, review, reputation, goodwill, and standing in the market.

66. Defendant knows or should have known as an Amazon seller itself that the removal of Plaintiffs's product listings would harm Plaintiffs's businesses and would benefit Defendant due to it having less competition.

67. Defendant intended to harm Plaintiff by fraudulently initiating infringement complaints with Amazon against Plaintiff in the effort to convince Amazon to remove the Accused ASINs.

68. Defendant has no privilege or justification in interfering with Plaintiff's

relationship with Amazon.

69. As a result of Defendant's interference with Plaintiff's ongoing and future relationship with Amazon, Plaintiffs has incurred damages and will continue to incur damages.

70. Damages incurred, and to be incurred by Plaintiffs, include fees and costs associated with Amazon product storage fees. In the event of Amazon destroying Plaintiffs's inventory of delisted products associated with Plaintiffs's ASINS, the value of the destroyed inventory would be $6,600.00.

71. Thus, the damages to Plaintiffs because of Defendant's frivolous complaint using the invalid and non-infringed '895 Patent will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products.

72. The delisting of the Accused ASINs would result in an immediate and ongoing detrimental impact on Plaintiff's ability to conduct business, remain profitable, and damage each of Plaintiff's Products' rankings and reviews, loss of Plaintiff's goodwill and reputation on the Amazon marketplace. The damage to Plaintiff should their products continue to be delisted as a result of Defendant's frivolous complaints based on the invalid and non-infringed '895 Patent is incalculable and irreparable.

73. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

## COUNT VI
### *(UNJUST ENRICHMENT)*

74. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

75. As a result of Defendant's actions as stated herein Defendant has been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiffs to its detriment.

76. Defendant is currently engaged in efforts to further damage Plaintiffs by

fraudulently asserting infringement claims against it using the invalid and/or non- infringed '895 Patent to reduce its ability to compete with Defendant on the Amazon marketplace and elsewhere online.

77. Defendant has accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

78. There is no express, written contract between Plaintiff and Defendant that would allow for Defendant to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

79. Plaintiffs is entitled to recover from the Defendant its unjust enrichment including gains, profits, and advantages it has obtained because of Defendant's wrongful conduct. Plaintiffs is at present unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of Defendant's wrongful conduct.

80. By reason of the foregoing, Plaintiffs seeks damages based on Defendant's unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.
2. Declaring that Plaintiffs' subject products, do not and did not directly or indirectly infringe any claim of the '895 patent. Based on Plaintiffs' present understanding of the '895 patent, Plaintiffs' allegedly infringing products, and the expert's infringement comparison, the allegedly infringing products of Plaintiffs fail to meet or embody the limitations of any claim of the '895 patent.
3. Declaring that the '895 patent is invalid under 35 U.S.C. §§ 102 and 103 and unenforceable due to Information Disclosure Statement violations and inequitable conduct on behalf of Lee.
4. Awarding Plaintiff its reasonable attorney's fees and costs, including costs for

experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

5. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's attorney's fees associated with this action pursuant to 35 U.S.C. § 285.

6. Order by this Court that Defendant must immediately revoke any complaints of infringement of the '895 Patent made to Amazon.com with respect to Plaintiff.

7. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '895 Patent against Plaintiffs and Plaintiff's products and associated ASINs.

8. Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

9. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

11. Awarding to Plaintiff exemplary, punitive, statutory, and enhanced damages.

12. Awarding pre- and post- judgment interest.

13. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

DATED: June 9, 2025         Respectfully submitted,

/s/ *Pete Wolfgram*
Pete Wolfgram
pwolfgram@stratumlaw.com
STRATUM LAW LLC
2424 E. York St. Ste. 300
Philadelphia, PA, 19125
*Attorney for Plaintiffs*